IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BARBARA KEHR,** | ) | **CASE NO. 4:09-cv-03136** |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **PRINCIPAL LIFE INSURANCE CO.,** | ) | |
| Defendant. | ) | |

COMES NOW the plaintiff, Barbara Kehr, by and through her attorneys, Eric B. Brown and Travis Allan Spier, and for her causes of action against the defendant, alleges as follows:

### JURISDICTION

1. Plaintiff brings this action pursuant to 42 U.S.C.A. §12112 et. seq. of the Americans with Disabilities Act of 1990 (hereinafter, "ADA"), and Neb. Rev. Stat. §§ 48-1104 and 20-148, and the public policy of the State of Nebraska.

2. The court has jurisdiction over the plaintiff's claims pursuant to 28 U.S.C.A. § 1331 and 28 U.S.C.A. § 1367(a).

3. Plaintiff filed charges with the Nebraska Equal Employment Opportunity Commission (hereinafter, "NEOC"), and the United States Equal Employment Opportunity Commission (hereinafter, "EEOC") regarding the allegations set forth herein. The NEOC investigated and found reasonable cause to believe that the defendant discriminated against the plaintiff in violation of the Nebraska Fair Employment Practices Act (hereinafter, "NFEPA"). The plaintiff has filed this timely

1

action within ninety (90) days of her receipt of her right to sue notices from the NEOC and the EEOC, copies of which are attached hereto.

## PARTIES

4. At all times relevant, the plaintiff was a resident of Hall County, Nebraska.

5. Upon information and belief, the defendant (hereinafter, "Principal") is an Iowa corporation licensed to do business in Nebraska and was doing business at all relevant times in Nebraska. Principal is an employer within the meaning of the ADA as it employed fifteen or more persons for twenty or more weeks out of the current or preceding calendar year.

6. Plaintiff is disabled within the meaning of the ADA and NFEPA.

## FACTS

7. The plaintiff was hired by the defendant as an account representative on or about October 18, 2006. From that date until she was fired, she was able to satisfactorily perform the essential functions of this position without accommodation or the need for any accommodations.

8. In October 2007, pursuant to Principal's employment policies, in which all employees have a right to apply for intra-company transfers after one year of employment, the plaintiff requested information regarding an internal transfer as a potential advancement opportunity within Principal, and not as a request for accommodation for disability.

2

9. Principal assigned a representative to assist the plaintiff in finding another position within Principal, and strangely requested that the plaintiff execute a release of medical information. The plaintiff executed the release and Principal sought and obtained the plaintiff's medical records, at which time it formally became aware of the plaintiff's diagnosis of multiple sclerosis (hereinafter, "MS").

10. Based on Principal's review of the plaintiff's medical records, Principal unilaterally and without engaging in any interactive dialog with the plaintiff, informed the plaintiff that Principal could not make reasonable accommodations for the plaintiff in her current position as an account representative due to her disability and/or perceived disability. This was done without a request for accommodation by Plaintiff and after Plaintiff's treating doctor verified that Plaintiff could perform her job just fine. This was also done after the plaintiff had been performing the same job for thirteen months without being disciplined.

11. Thereafter, Principal unilaterally identified an administrative speciality position for which it believed the plaintiff to be qualified and informed the plaintiff that she must take the administrative specialist position or be terminated.

12. Thereafter, again unilaterally and without engaging in any interactive dialog with the plaintiff, Principal unilaterally determined that the plaintiff could not successfully perform the administrative specialist position due to her disability and/or perceived disability. Accordingly, Principal terminated the plaintiff on or about November 6, 2007.

13. At all times relevant, the plaintiff was qualified to perform the essential

functions of: (a) her job as an account representative with Principal; (b) an administrative specialist position with Principal; and (c) other jobs within Principal for which she was otherwise qualified, with or without accommodation.

14. The plaintiff's disability and/or perceived disability was a motivating factor in: (a) the decision to terminate the plaintiff from her account representative position; (b) failure to employ the plaintiff in the available administrative specialist position; and (c) failure to offer the plaintiff another position within the company.

15. All discriminatory acts alleged herein occurred within the State of Nebraska.

16. All of the aforementioned discriminatory acts were done while the Principal's agents, employees, supervisors or managers were acting within the scope and course of their employment with the defendant.

17. As the result of Principal's discriminatory actions, the plaintiff has suffered lost wages and benefits and will incur future lost wages and benefits. The plaintiff has also incurred compensatory damages, attorney's fees and costs.

18. At all times relevant, Principal's agents, employees, supervisors and/or managers, were aware of their duties and obligations under the aforementioned statutes and their conduct was willful.

19. At all times relevant, the plaintiff was able to satisfactorily perform the essential functions of her current job as an account representative and could have performed the essential functions of an administrative specialist, with or without reasonable accommodation.

## FIRST CAUSE OF ACTION
### - Americans with Disabilities Act-

The plaintiff incorporates paragraphs 1 through 19 as if fully set forth herein.

20. The plaintiff's disability and/or perceived disability was a motivating factor in Principal's actions of: (a) terminating the plaintiff from her employment with Principal; and/or (b) failing to offer the plaintiff another position or other positions within the company; and/or (c) discriminating against the plaintiff in the terms, conditions and privileges of employment. Such conduct is violative of the ADA.

21. As the direct and proximate result of Principal's illegal conduct, the plaintiff has suffered lost pay and benefits exceeding $71,755.32, and which continue.

22. The plaintiff has suffered emotional and mental distress.

23. Principal's actions were done willfully, maliciously and/or with reckless indifference to the federally protected rights of the plaintiff. Punitive damages are appropriate and claimed.

## SECOND CAUSE OF ACTION
### - Nebraska Fair Employment Practice Act -

The plaintiff incorporates paragraphs 1 through 23 as if fully set forth herein.

24. The plaintiff's disability and/or perceived disability was a motivating factor in Principal's actions of: (a) terminating the plaintiff from her employment with Principal; and/or (b) failing to offer the plaintiff another position or other positions within the company; and/or (c) discriminating against the plaintiff in the terms, conditions and privileges of employment. Such conduct is violative of the NFEPA.

25. As the direct and proximate result of Principal's illegal conduct, the plaintiff

has suffered lost pay and benefits exceeding $71,755.32, and which continue.

26. The plaintiff has suffered emotional and mental distress.

## PLACE OF TRIAL

Plaintiff respectfully requests this case to be tried in the United States District Court for the District of Nebraska in Lincoln, Nebraska.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that this Court assume jurisdiction herein as to all counts alleged herein and grant the following relief:

a. Declare the conduct of the defendant to be violative of the rights of the plaintiff under the appropriate federal and/or state law or laws;

b. Award plaintiff all backpay and benefits through the date of trial. Currently, Plaintiff's backpay and benefits exceed $71,755.32;

c. Direct the defendant to reinstate the plaintiff to her previously held position with back pay, all job-related benefits and job-related increments to which she is entitled, including interest thereon, or find that reinstatement is not appropriate and award her front pay;

d. Award the plaintiff general compensatory damages, including damages for emotional and mental distress in an amount to be determined by the Court;

e. Award the plaintiff punitive damages under the ADA against the defendant in an amount to be determined by the Court;

f.      Enjoin the defendant from any further discrimination against the plaintiff; and

g.      Award the plaintiff reasonable attorney's fees and costs pursuant to applicable state and federal statutes, and such other further relief as the Court deems just, and appropriate.

DATED on this 2nd day of July, 2009.

BARBARA KEHR, Plaintiff

By:   s/ Eric B. Brown
ERIC B. BROWN, #21229
Attorney for Plaintiff
ATWOOD, HOLSTEN & BROWN, P.C., L.L.O.
1133 H Street
Lincoln, NE 68508
Telephone: (402) 476-4400
Fax: (402) 476-4410
Email: ebrown@ahblaywers.com

## DEMAND FOR JURY TRIAL

The plaintiff hereby requests a jury trial in Lincoln, Nebraska.

s/ Eric B. Brown
ERIC B. BROWN, #21229
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 2nd day of July, 2009, a true and correct copy of the above and foregoing *Complaint and Demand for Jury Trial* was electronically filed with the Clerk of the Court using the CMECF System, which will send notice of such filing to:

> Principal Financial Group, L.L.C.
> 711 High Street
> Des Moines, Iowa  50392
> Attn: Human Resources/Legal
> Fax: (866) 496-6527

DATED this 2nd day of July, 2009.

s/ Eric B. Brown
ERIC B. BROWN, #21229
Attorney for Plaintiff

EEOC Form 161-B (3/98)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Barbara Kehr  
Grand Island, NE 68803 | From: | St. Louis District Office  
Robert A. Young Bldg  
Saint Louis, MO 63103 |

[ ]  *On behalf of person(s) aggrieved whose identity is  
CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 32E-2008-00440 | Joseph J. Wilson, Investigator | (314) 539-7816 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*  
James R. Neely, Jr.,  
Director

April 6, 2009  
*(Date Mailed)*

Enclosures(s)

cc: Amy J. Mills  
Vice President  
PRINCIPAL LIFE INSURANCE COMPANY  
711 High Street  
Des Moines, IA 50392

Eric B. Brown  
Atwood, Hosten & Brown  
1133 H Street  
Lincoln, NE 68508

APR 0 8 2009

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice, if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. **If you need help in finding a lawyer, you may call (314) 539-7911 in St. Louis, (913) 551-6614 in Kansas City, or (405) 231-5349 in Oklahoma City**. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly **in writing** and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☒ FEPA<br>☒ EEOC | NEB 1-07/08-3-39001-R<br>32E-2008-00440 |

Nebraska Equal Opportunity Commission and EEOC
State or local Agency, if any

RECEIVED
MAR 24 2008
NEOC

| NAME (indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Barbara Kehr | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| ███████ | ███████, Grand Island, NE, 68803 | ███ 1970 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Principal Life Insurance Company | D | 800-986-3343 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 711 High Street, Des Moines, IA, 50392 | | Hall |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST 11/6/07    LATEST 11/7/07
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I. I have a disability of which the Respondent is aware. I worked for the Respondent from October, 2006 until my termination on 11/7/07. My position was Account Rep. I was terminated due to my disability.

II. I believe I have been discriminated against on the basis of disability and perceived disability in violation of The Americans With Disabilities Act of 1990, and Section 48-1104 of the Nebraska Fair Employment Practice Act for the following reasons:

1. On or about 11/02/07 I spoke to Kelly Roberts (Human Resources) about the possibility of a future transfer in the event that it became too difficult for me to perform the essential functions of an Account Rep. I did not at any time state that I could not perform the duties of my position, and I could at all times perform those duties.

2. On or about 11/6/07 I received a letter from Roberts explaining that the Respondent could not accommodate me. I had requested consideration for an Account Specialist position, but I did not specify a time or request that I be transferred to this position at this time.

3. On or about 11/7/07 I was terminated. My performance did not warrant termination and at the time of my termination I was on the Super Job List.

NOTARY – (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT
*/s/ Barbara A. Kehr*

DO NOT WRITE IN THIS SPACE

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, Day, and Year) March 21, 2008

*/s/ Marilyn B. Stickels*

GENERAL NOTARY-State of Nebraska
MARILYN B. STICKELS
My Comm. Exp. Jan. 19, 2012

Date    Charging Party (Signature)



# State of Nebraska
## NEBRASKA EQUAL OPPORTUNITY COMMISSION



|  |  |
|---|---|
| Barbara Kehr ) | **ADMINISTRATIVE** |
|     Complainant, ) | **CLOSURE** |
| ) |  |
| vs. ) | NEB 1-07/08-3-39001-R |
| ) | EEOC 32E-2008-00440 |
| Principal Life Insurance Co., ) |  |
|     Respondent. ) |  |
| ) |  |

Pursuant to the Nebraska Fair Employment Practice Act, the above referenced case was filed with the Nebraska Equal Opportunity Commission (NEOC). The Commission served the charge on the Respondent. The above-referenced charge was dual filed with the U.S. Equal Employment Opportunity Commission.

Conciliation efforts in the above-referenced matter were unsuccessful and the Complainant did not request a public hearing. Therefore, the Nebraska Equal Opportunity Commission hereby administratively closes and dismisses the above-referenced case due to the fact that the Complainant has the option to pursue this matter in Federal or State District Court. The deadline for filing an action directly in state district court is 90 days after the receipt of this notice.

Since this charge was also filed under Federal law, you may contact the U.S. Equal Employment Opportunity Commission in St. Louis, Missouri within fifteen (15) days of your receipt of this notice regarding this case. Requests for a Substantial Weight Review must be made in writing to Joseph Wilson, State and Local Coordinator, U.S. Equal Employment Opportunity Commission, St. Louis District Office, 1222 Spruce Avenue, Room 8.100, St. Louis, MO, 63103.

This action shall take effect fifteen (15) days from the date of this Determination. If there are any questions regarding this decision or if the Commission can be of further assistance, please contact the undersigned immediately.



APR 1 7 2009
Date

_[signature]_
For the Commission

**MAIN OFFICE:**
301 Centennial Mall, South
PO Box 94934
Lincoln, NE 68509-4934
Phone: 402-471-2024
Fax: 402-471-4059
800-642-6112
www.NEOC.ne.gov

**BRANCH OFFICES:**
1313 Farnam-on-the-Mall
Omaha, NE 68102-1836
Phone: 402-595-2028
Fax: 402-595-1205
800-382-7820

4500 Avenue I
PO Box 1500
Scottsbluff, NE 69363-1500
Phone: 308-632-1340
Fax: 308-632-1341
800-830-8633

APR 2 3 2009

NEB 1-07/08-3-39001-R
Kehr v. Principal Life Insurance Company
Page 2

## ATTACHMENT

**Reasonable Cause**:  Disability (Terms and Conditions, Termination)

The evidence is sufficient to show that the Complainant was denied consideration for another position and subsequently terminated because she was regarded as being disabled. The evidence does not show that the Complainant was unqualified for either the Account Representative position or the Account Specialist position, or that the Complainant actually requested an accommodation for her alleged disability. The Respondent admittedly regarded the Complainant as being disabled and denied the Complainant a transfer to a new position based on perceived limitations that the Complainant never specified as actual limitations.

The Complainant's former supervisor admitted that if the Complainant had not revealed her medical condition that she would have been able to work at least two more months, even if she continued to fail to meet her performance goals. The evidence shows that the Complainant was regarded as disabled and was not allowed the same disciplinary process or corrective action that other employees would receive.